ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| T-MOBILE PUERTO RICO, LLC<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE TELECOMUNICACIONES DE PUERTO RICO<br><br>Recurrido | TA2025RA00195 | *Revisión Administrativa* procedente del Negociado de Telecomunicaciones<br><br>Núm. Caso Net: JRT-CMRS-0108<br><br>Sobre: Sobrepago de Cargos Reglamentarios - 2021 |
| T-MOBILE PUERTO RICO, LLC<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE TELECOMUNICACIONES DE PUERTO RICO<br><br>Recurrido | CONSOLIDADO<br><br>CON:<br><br>TA2025RA00235 | *Revisión Administrativa* procedente del Negociado de Telecomunicaciones<br><br>Núm. Caso Net: JRT-CMRS-0108<br><br>Sobre: Sobrepago de Cargos Reglamentarios - 2022 |
| T-MOBILE PUERTO RICO, LLC<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE TELECOMUNICACIONES DE PUERTO RICO<br><br>Recurrido | TA2025RA00236 | *Revisión Administrativa* procedente del Negociado de Telecomunicaciones<br><br>Núm. Caso Net: JRT-CMRS-0108<br><br>Sobre: Sobrepago de Cargos Reglamentarios - 2023 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Compareció T-Mobile Puerto Rico, LLC (en adelante, "T-Mobile" o "recurrente") mediante tres (3) recursos de revisión administrativa con los siguientes alfanumérico: TA2025RA00195,

TA2025RA00235 y TA2025RA00236. En síntesis, nos solicitó la revocación de tres (3) determinaciones emitidas por el Negociado de Telecomunicaciones de la Junta Reglamentadora de Servicio Público (en adelante, "NET" o "recurrida"). En esos dictámenes, el NET denegó las solicitudes de T-Mobile para utilizar unos alegados sobrepagos —correspondiente a los años 2021, 2022 y 2023— como crédito a cargos reglamentarios futuros.

Por los fundamentos que expondremos a continuación, se **confirman** las resoluciones recurridas.

### -I-

El 26 de octubre de 2022, T-Mobile presentó ante el NET una *Moción solicitando crédito por sobrepago de cargos reglamentarios del año 2021*.[1] Allí indicó que, en cumplimento con la reglamentación aplicable, había radicado los siguientes documentos correspondiente al año 2021: (i) el *Annual Gross Income Statement of Telecommunications Company*, (ii) los estados financieros auditados y (iii) la certificación del auditor. No obstante, alegó que erróneamente habían estado considerando "los servicios de data y/o servicios de información" como un cómputo trimestral de cargos reglamentarios, ya que estos no son un servicio de telecomunicación intraestatal y pertenecen a la jurisdiccion exclusiva de la Comisión Federal de Telecomunicaciones. Por consiguiente, solicitó autorización para utilizar el sobrepago de $666,985.00 como un crédito para cargo reglamentarios futuros.

Luego de varios trámites que resultan innecesario pormenorizar, el 9 de agosto de 2023, el NET emitió *Resolución y Orden,* notificada el 18 de agosto de 2023, en la que se reservó su determinación sobre la solicitud de crédito por cargo reglamentario

---

[1] Apéndice del recurso TA2025RA00195, anejo 6.

del año 2021 hasta tanto T-Mobile acreditara en treinta (30) días lo siguiente:

(1) Certificación interestatal detallada con un desglose de los ingresos identificados como ingresos excluidos, acompañada de una opinión de la firma de auditores certificando que se auditó y evaluó la información de dicha certificación;

(2) La Peticionaria deberá aclarar la naturaleza o proveniencia de los ingresos de $123,604.00 denominados como "Universal Service Fund Revenues Subject to Regulatory Charge";

(3) Copia del Informe FCC Form 499-A para el año 2021 acompañado de evidencia de presentación del mismo;

(4) Informar al NET, si la Peticionaria recobra el cargo reglamentario de los clientes y en caso de que en efecto recobran estos cargos de los clientes, deberán informar la cantidad recobrada para el año 2021 y deberá informar cómo acreditarían a sus clientes la cantidad solicitada, en la eventualidad que el NET así lo autorice;

(5) La Peticionaria deberá presentar un estudio de tráfico identificando qué porciento de su tráfico de telecomunicaciones origina y termina en Puerto Rico;

(6) La Peticionaria deberá demostrar cómo distingue en sus planes combinados (bundled) la partida sujeta a cargos reglamentarios y qué medidas de control interno en sus libros de contabilidad están establecidos para asegurar que dicha partida está correctamente identificada;

(7) La Peticionaria deberá enumerar todos los servicios auxiliares que facturan a sus clientes de Puerto Rico, una descripción de la naturaleza de los servicios y el tipo de cargo según se facture, es decir, si es un cargo fijo mensual, o a base de algún porciento determinado de la renta del servicio y/o consumo;

(8) La Peticionaria deberá proveer un desglose de los ingresos brutos correspondientes al año 2021, donde se puedan examinar todos los componentes incluyendo:

   a. Cuáles ingresos provienen de servicios de telecomunicaciones en planes de servicios combinados (bundled);

   b. Cuáles ingresos provienen de tráfico por servicios al viajero (roaming), incluyendo un desglose de cuáles de estos se originan y terminan en Puerto Rico;

   c. Cuáles ingresos provienen de servicios auxiliares facturados a clientes Puerto Rico; en

   d. Cuáles ingresos provienen de la reventa de servicios de telecomunicaciones;

   e. Cuáles son los servicios que están siendo incluidos en el total de $687,163,582.00 de ingresos denominados como "other revenues not subject to regulatory charge".

Por último, en el tercer informe trimestral de 2021, presentado el 28 de octubre de 2021, la Peticionaria aplicó un crédito de $25,493.38 al cargo reglamentario correspondiente de ese trimestre el cual totalizó $206,198.49, resultando en un pago de cargo reglamentario

de $180,704.51. No surge que la Peticionara incluyera una explicación de la procedencia o justificación del crédito aplicado, razón por la cual estamos solicitándole a la Peticionaria que nos indique la procedencia del crédito aplicado en el tercer trimestre de 2021 por la cantidad de $25,493.38 y si el mismo fue previamente autorizado por el NET. Si el crédito no fue previamente autorizado por el NET deberá enmendar el tercer informe trimestral de 2021, eliminando dicho crédito.[2]

Tras la autorización de una prórroga, el 15 de diciembre de 2023, T-Mobile instó *Moción de cumplimiento de resolución y orden para evaluación de solicitud.*[3] En esta, argumentó que la información requerida por el NET se excedía de los poderes delegados por ley y, además, sostuvo que la *Resolución y Orden* no proveyó la definición de lo solicitado como "planes combinados" o "servicios auxiliares". En cuanto al crédito aplicado al tercer trimestre del año 2021, T-Mobile explicó que corresponde al sobrepago de $25,493.38 según la Certificación Anual del periodo calendario del año 2020. Indicó que, a esa fecha, el Reglamento 9359 no era aplicable y, por tanto, no tenía que solicitar autorización para utilizar el sobrepago como crédito para cargos reglamentarios futuros.

Por otro lado, el 5 de agosto de 2024, T-Mobile instó una *Moción solicitando cr[é]dito de sobrepago de cargos reglamentarios del año 2022*[4] en la cual indicó que presentó los siguientes documentos correspondiente al año 2022: (i) Declaración de Ingresos Anuales de Compañías de Telecomunicaciones, (ii) los estados financieros auditados y (iii) la certificación del auditor. Sin embargo, alegó que por razón de ajustes posteriores contables —resultantes de una auditoría externa— había un sobrepago total de cargos reglamentarios por la cantidad de $18,251.00. Por consiguiente, solicitó autorización para utilizar el sobrepago de $18,251.00 como un crédito para cargo reglamentarios futuros.

---

[2] Apéndice del recurso TA2025RA00195, anejo 7, pág. 2.
[3] Apéndice del recurso TA2025RA00195, anejo 9.
[4] Apéndice del recurso TA2025RA00235, anejo 4.

Ese mismo día, T-Mobile presentó otra *Moción solicitando crédito de sobrepago de cargos reglamentarios del año 2023*[5] mediante la cual reiteró sus argumentos anteriores. No obstante, aclaró que el sobrecargo total de cargos reglamentarios correspondiente al año 2023 era por la cantidad de $20,351.00. Razón por la cual, solicitó autorización para utilizar el sobrepago de $20,351.00 como un crédito para cargos reglamentarios futuros.

Ante esto, el NET emitió el 31 de marzo de 2025 y notificó el 7 de abril de 2025, dos (2) determinaciones intituladas ambas como "Resolución y Orden". En la primera *Resolución y Orden*[6], el NET denegó la solicitud de T-Mobile para utilizar la cantidad pagada de $666,985.00 —correspondiente al año 2021— como crédito a cargos reglamentarios futuros. En la medida que T-Mobile no proveyó la información adicional requerida, el NET determinó que no estaba en posición de realizar una evaluación detallada y, ello, le impedía conceder un crédito por el alegado sobrepago. Además, le ordenó que enmendara el tercer informe trimestral de 2021 —a los efectos de eliminar el crédito no autorizado— y pagara la cantidad de $25,493.38 en un término de veinte (20) días. Por último, le impuso una multa de $5,000.00 por incumplir con la Regla 5 del Reglamento 7486.

Ahora bien, en la segunda *Resolución y Orden*[7], el NET se reservó su determinación sobre la solicitud de crédito cargo reglamentario del año 2022 hasta tanto T-Mobile acreditara en treinta (30) días lo siguiente:

> (1) Indicar las razones específicas, es decir, cu[á]les fueron los ajustes posteriores contables como resultado de la auditoria externa, que ocasionaron que se presentaran ingresos sujetos a cargos reglamentarios distintos en la conciliación anual presentada el 28 de febrero de 2023 y el EFA 2022.

---

[5] Apéndice del recurso TA2025RA00236, anejo 4.
[6] Apéndice del recurso TA2025RA00195, anejo 10.
[7] Apéndice del recurso TA2025RA00235, anejo 5.

(2) Certificación interestatal detallada con un desglose de los ingresos identificados como ingresos excluidos, acompañado de una opinión de la firma de auditores certificando que se auditó y evaluó la información de dicha certificación.[8]

En desacuerdo con lo anterior, el 28 de abril de 2025, T-Mobile presentó una *Moción de reconsideración*[9] en la que argumentó que el NET debió evaluar su solicitud de crédito cargo reglamentario del año 2021 conforme al Reglamento 9359. En cuanto al tercer informe trimestral del año 2021, arguyó que el NET debió hacer su evaluación conforme al Reglamento 7486 y no al amparo del Reglamento 9359, ya que no era el reglamento vigente al momento de los hechos. Por último, alegó que el NET actuó *ultravires* al imponer requisitos adicionales no contenidos en los referidos reglamentos aplicables.

Asimismo, el 5 de mayo de 2025, T-Mobile presentó una segunda *Moción de reconsideración*[10] con relación a su solicitud de crédito cargo reglamentario del año 2022. Argumentó que el requerimiento de información adicional del NET —sobre una certificación con un desglose de los ingresos identificados como ingresos excluidos junto a una opinión de la firma de auditores—, es jurídicamente insostenible. En síntesis, reiteró que el NET actuó *ultravires* al imponer requisitos adicionales no contenidos en el Reglamento 9359.

En igual fecha, T-Mobile presentó una tercera *Moción de reconsideración*[11] en relación con su solicitud de crédito cargo reglamentario del año 2023 mediante la cual reiteró sus argumentos anteriores.

Así las cosas, el NET emitió el 23 de julio de 2025, notificada al día siguiente, una *Resolución y Orden en reconsideración*

---

[8] *Id.,* pág. 2.
[9] Apéndice del recurso TA2025RA00195, anejo 11.
[10] Apéndice del recurso TA2025RA00235, anejo 6.
[11] Apéndice del recurso TA2025RA00236, anejo 6.

mediante la cual atendió la primera solicitud de reconsideración.[12]

En cuanto a los cargos reglamentarios del 2021, el NET concluyó como sigue:

> Resulta insostenible que T-Mobile pretenda que el NET le autorice un crédito por la cantidad de $666,985.00, dando por FE lo indicado por esta, de que *"se equivocó en su contabilidad", y que, como resultado de dicha equivocación, son merecedores de dicho crédito, sin proveer al NET la información adicional que se le requirió para evaluar su solicitud.* Resulta insostenible que T-Mobile pretenda alegar que el NET actuó de manera *ultravires*, al solicitar información **esencial y pertinente** para evaluar ***responsablemente*** la solicitud del crédito. La denegatoria a utilizar el crédito para cargos reglamentarios futuros, por la cantidad de $666,985.00, por un alegado sobrepago de Cargos Reglamentarios para el año 2021, es el resultado **DIRECTO** de la propia Peticionaria en negarse a proveerle al NET, <u>**la información solicitada para evaluar si procede o no el crédito, no es equivalente a añadir requisitos, que no están expresamente en un reglamento, sino es la única forma que el NET tiene para evaluar la veracidad el crédito solicitado**</u>.[13]

En cuanto al tercer informe trimestral de 2021, el NET indicó que su deber ministerial es examinar la veracidad del crédito que alegó T-Mobile —independientemente del reglamento vigente— y, por tanto, estos no pueden acogerse al referido crédito de manera automática, sin proveer explicación y/o evidencia de ello. Por todo lo cual, el NET denegó reconsiderar su determinación.

Inconforme, el 25 de agosto de 2025, T-Mobile acudió ante nos mediante el recurso de revisión administrativa con alfanúmero **TA2025RA00195** y señaló la comisión de los errores siguientes:

A. ERRÓ EL NEGOCIADO AL APLICAR RETROACTIVAMENTE EL REGLAMENTO 9359 A UNA SOLICITUD DE CRÉDITO QUE DEBIÓ EVALUAR CONFORME A LAS DISPOSICIONES DEL REGLAMENTO 7486, VIGENTE AL MOMENTO DE LOS HECHOS.

B. ERRÓ EL NEGOCIADO Y ACTUÓ DE FORMA ULTRA VIRES AL IMPONER REQUISITOS NO CONTEMPLADOS EN EL REGLAMENTO 9359 PARA EVALUAR LA SOLICITUD DE CRÉDITO POR EL SOBREPAGO DE $666,985.

C. EN LA ALTERNATIVA, Y ASUMIENDO QUE LOS REQUISITOS EXIGIDOS FORMEN PARTE DEL REGLAMENTO 9359, EL NEGOCIADO ERRÓ AL DETERMINAR QUE T-MOBILE NO LOS CUMPLIÓ.

---

[12] Apéndice del recurso TA2025RA00195, anejo 13.
[13] *Id.,* pág. 4 (énfasis en el original).

> D. ERRÓ EL NEGOCIADO Y ABUSÓ DE SU DISCRECIÓN AL IMPONER A T-MOBILE UNA MULTA DE $50,000 YA QUE ESTA NO INCURRIÓ EN INCUMPLIMIENTO ALGUNO.

Posteriormente, el 13 de agosto de 2025, el NET emitió *Resolución y Orden,* notificada el 29 de agosto de 2025, mediante la cual atendió la segunda solicitud de reconsideración.[14] En ese dictamen, el NET denegó la solicitud de T-Mobile para utilizar la cantidad pagada de $18,251.00 —correspondiente al año 2022— como crédito a cargos reglamentarios futuros. En específico, concluyó como sigue:

> El NET conforme a las facultades expresamente delegadas en la Ley 213-1996, le solicitó información adicional esencial y necesaria para evaluar la Solicitud de Crédito Cargo Reglamentario 2022, presentada por la Peticionaria el 5 de agosto de 2024.
>
> Habiendo transcurrido el término dispuesto para que la Peticionaria presentara ante el NET la información esencial y necesaria para evaluar su petición, y dejando claramente establecido que no presentará la misma, el NET está impedido de evaluar la Solicitud de Crédito Cargo Reglamentario 2022.[15]

En igual fecha, el NET emitió y notificó otra *Resolución y Orden* mediante la cual atendió la tercera solicitud de reconsideración.[16] Allí, denegó la solicitud de T-Mobile para utilizar la cantidad pagada de $20,351.00 —correspondiente al año 2023— como crédito a cargos reglamentarios futuros. Asimismo, el NET reiteró sus fundamentos anteriores.

Aún pendiente el recurso apelativo anterior, el 16 de septiembre de 2025, T-Mobile presentó otro recurso de revisión administrativa con alfanumérico **TA2025RA00235** en el cual señaló la comisión del error siguiente:

> A. ERRÓ EL NEGOCIADO Y ACTUÓ DE FORMA ULTRA VIRES AL DENEGAR LA SOLICITUD IMPONIENDO REQUISITOS NO CONTEMPLADOS EN EL REGLAMENTO 9359 PARA EVALUAR LA SOLICITUD DE CRÉDITO POR EL SOBREPAGO DE CARGOS REGLAMENTARIOS CORRESPONDIENTES AL AÑO 2022.

---

[14] Apéndice del recurso TA2025RA00235, anejo 7.
[15] *Id.,* pág. 3.
[16] Apéndice del recurso TA2025RA00236, anejo 7.

En igual fecha, 16 de septiembre de 2025, T-Mobile interpuso un recurso de revisión administrativa con alfanumérico **TA2025RA00236** y señaló la comisión del error siguiente:

A. ERRÓ EL NEGOCIADO Y ACTUÓ DE FORMA ULTRA VIRES AL DENEGAR LA SOLICITUD IMPONIENDO REQUISITOS NO CONTEMPLADOS EN EL REGLAMENTO 9359 PARA EVALUAR LA SOLICITUD DE CRÉDITO POR EL SOBREPAGO DE CARGOS REGLAMENTARIOS CORRESPONDIENTES AL AÑO 2023.

Ante esto, el 19 de septiembre de 2025, emitimos *Resolución* en la cual ordenamos la consolidación de los recursos **TA2025RA00235** y **TA2025RA00236** con el recurso de mayor antigüedad con alfanumérico **TA2025RA00195.**[17]

Por su parte, el 14 de octubre de 2025, el NET interpuso su *Alegato en oposición a recurso de revisión administrativa.*[18]

Así pues, perfeccionados todos los recursos consolidados, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

-II-

**A. Ley Núm. 213-1996**

La Ley Núm. 213-1996, según enmendada, conocida como *Ley de Telecomunicaciones de Puerto Rico de 1996*, 27 LPRA sec. 265 *et seq.* (en adelante, "Ley Núm. 213-1996") tiene como política pública, entre otras, el "reconocer el servicio de telecomunicaciones como servicio público esencial, cuya prestación persigue un fin de alto interés público dentro de un mercado competitivo".

Para cumplir con esa encomienda, la presente legislación crea al ahora llamado Negociado de Telecomunicaciones de Puerto Rico (en adelante, "NET") el cual está adscrito a la Junta Reglamentadora de Servicio Público. 27 LPRA secs. 267 y 267a. El NET tiene la facultad de reglamentar los servicios de

---

[17] SUMAC-TA, entrada núm. 4.
[18] SUMAC-TA, entrada núm. 5.

telecomunicaciones en Puerto Rico, así como realizar inspecciones, investigaciones y auditorías para alcanzar el propósito legislativo. *Id.*, secs. 267f(c). Incluso, el NET está facultado para imponer multas administrativas y exigir la información que sea necesaria para cumplir con sus deberes. 27 LPRA sec. 267f(b)(1) y (2). Asimismo, el NET tiene la facultad para imponer y cobrar cargos para producir ingreso suficiente para cubrir sus gastos de funcionamiento. 27 LPRA sec. 267j(a). Particularmente, la Ley Núm. 213-1996 establece que "el cargo anual para sufragar los gastos anuales de operación del NET será fijado proporcionalmente a base de los ingresos brutos generados por cada compañía de telecomunicaciones o de cable que provea servicios de telecomunicaciones". 27 LPRA sec. 267j(b). Razón por la cual, la referida legislación dispuso que las compañías de telecomunicaciones "someterá[n] la información requerida por el NET en la forma y en los formularios que determine este de manera que pueda indicar las cantidades de los cargos establecidos". 27 LPRA sec. 267j(d).

Además, la Ley Núm. 213-1996 establece que sus disposiciones "serán interpretadas liberalmente para poder alcanzar sus propósitos y dondequiera que algún poder específico o autoridad le sea dada al NET, la enumeración no se interpretará como que excluye o impide cualquier otro poder o autoridad de otra manera conferida a éste". 27 LPRA sec. 267i. Por tanto, reconoce que el NET dispondrá tanto de los poderes enumerados, así como de los poderes adicionales implícitos e incidentales que sean necesarios para desempeñar sus funciones. *Id.*

**B. Reglamento Núm. 7486**

El Reglamento Núm. 7486 del 28 de marzo de 2008 del ahora llamado Negociado de Telecomunicaciones de Puerto Rico, conocido como *Reglamento sobre imposición de cargos a las compañías de*

*telecomunicaciones* (en adelante, "Reglamento Núm. 7486) tiene la finalidad de regir la imposición de cargos anuales a las compañías de telecomunicaciones para sufragar los gastos de operación del NET.

Por lo cual, la Regla 4 del referido reglamento impone —a las compañías de telecomunicaciones de Puerto Rico— la obligación de informar sus ingresos anuales, toda vez que los cargos anuales serán fijados en proporción a estos, siempre que la prestación de sus servicios de telecomunicaciones sea originados y terminados en Puerto Rico. Véase, Reglamento Núm. 7486, Regla 4, pág. 5.

De un lado, la precitada regla requiere que las compañías de telecomunicaciones de Puerto Rico presenten el formulario *Informe de Ingresos* dentro de 30 días siguientes al cierre del trimestre. *Id.* Además, detalla que se impondrá un cargo anual máximo de .25% a las compañías cuyo ingreso anual sea de $25,000.00 o más, el cual deberá ser pagado trimestralmente. *Id.*

Por otra parte, la mencionada regla requiere que las compañías de telecomunicaciones presenten el formulario *Declaración de Ingresos Brutos Anuales* dentro de 60 días siguientes al cierre del año económico. Véase, Reglamento Núm. 7486, Regla 4, pág. 6. Inclusive, explica que si el ingreso bruto total de la compañía excede de $1,000,000.00 —adicional a lo anterior— deberá presentar sus estados financieros auditados por un contador público autorizado dentro de 120 días desde el cierre del año económico. *Id.*

Asimismo, el Reglamento Núm. 7486 aclara que ninguna compañía está eximida de llenar el formulario *Informe de Ingresos* ni la *Declaración de Ingresos Brutos Anuales,* aunque se encuentren exenta de pagar los cargos anuales. Véase, Reglamento Núm. 7486, Regla 4, págs. 5-6.

De igual manera, la Regla 4 del mencionado reglamento reafirma que "[t]oda compañía de telecomunicaciones someterá la información requerida por [el NET] en la forma y en los formularios que ést[e] determine, de manera que [el NET] pueda determinar las cantidades de los cargos establecidos en esta Regla". Véase, Reglamento Núm. 7486, Regla 4, pág. 6.

## C. Reglamento Núm. 9359

El Reglamento Núm. 9359 del 10 de febrero de 2022 del Negociado de Telecomunicaciones de Puerto Rico, conocido como *Reglamento sobre imposición de cargos por reglamentación a compañías de telecomunicaciones* (en adelante, "Reglamento Núm. 9359) tuvo el efecto de derogar al Reglamento Núm. 7486. Véase, Reglamento Núm. 9359, Regla 15, pág. 15.

El presente reglamento requiere que sea "interpretado liberalmente para poder alcanzar sus propósitos, siguiendo los principios de razonabilidad e imparcialidad, y con el propósito de garantizar que los procedimientos se conduzcan de forma rápida, justa y económica".  Véase, Reglamento Núm. 9359, Regla 3 pág. 3. Además, declara que ningún poder especifico otorgado al NET será interpretado "como que excluye o impide cualquier otro poder o autoridad de otra manera conferida". *Id.*

En particular, el Reglamento Núm. 9356 promulga que las compañías de telecomunicaciones certificadas por el NET están obligadas a pagar cargos reglamentarios. Véase, Reglamento Núm. 9359, Regla 5, pág. 6. Asimismo, reafirma que el cargo reglamentario será de .25% del ingreso bruto anual proveniente de la prestación de servicios de telecomunicaciones intraestatales. Véase, Reglamento Núm. 9359, Regla 6, pág. 6.

Además, el precitado reglamento requiere que las compañías de telecomunicaciones sometan trimestralmente el cargo reglamentario junto al reporte trimestral de declaración de ingresos

dentro del término de 30 días contados desde que finaliza el trimestre. Véase, Reglamento Núm. 9359, Regla 7(a), pág. 7.

A su vez, requiere que las compañías de telecomunicaciones sometan anualmente el reporte anual de declaración de ingresos, junto a con cualquier cargo reglamentario que no haya sido previamente remitido, dentro del término de 60 días contados desde el cierre del año económico. Véase, Reglamento Núm. 9359, Regla 7(b), pág. 8.

De igual forma, exige que las compañías de telecomunicaciones sometan sus estados financieros auditados por la Ley de Corporaciones de Puerto Rico dentro del término de 270 días contados desde el cierre del ano económico. Véase, Reglamento Núm. 9359, Regla 7(C), pág. 8. En cuanto a los referidos estados financieros, requiere que estos incluyan, entre otras partidas, las deficiencias o sobrepagos en la remisión de cargos reglamentarios. *Id.,* pág. 9. Puntualiza, además, que tales deficiencias o sobrepagos deben estar reflejados en el reporte anual de declaración de ingresos. *Id.* En cuanto a los sobrepagos, requiere que las compañías de telecomunicaciones soliciten permiso al NET para utilizar la cantidad de sobrepago a cargo reglamentario futuro. *Id.* Esto es, establece la obligación de que todo crédito sea previamente autorizado por el NET. *Id.*

### -III-

En síntesis, la recurrente alega que el NET erró y actuó *ultra vires* al evaluar las solicitudes de sobrepago correspondientes a los años 2021, 2022 y 2023 por dos razones: (i) aplicó retroactivamente el Reglamento Núm. 9356 y (ii) impuso requisitos no contemplados en el Reglamento Núm. 9356. Esto es, por un lado, la recurrente nos indica que erróneamente el NET aplicó el Reglamento Núm. 9356, mientras el Reglamento Núm. 7486 estaba vigente al momento de la solicitud de sobrepago correspondiente al año 2021.

Sin embargo, de otra parte, alega que el NET impuso requisitos no contemplados en el Reglamento Núm. 9356 —aunque alegó que el reglamento aplicable era el Reglamento Núm. 7486— a las solicitudes de sobrepago correspondiente a los años 2021, 2022 y 2023.

En el caso de epígrafe es pertinente que analicemos la Ley Núm. 213-1996, el Reglamento Núm. 7486 y el Reglamento Núm. 9356. Conforme expusimos en el derecho aplicable, el Reglamento Núm. 9356 tuvo el efecto de derogar el Reglamento Núm. 7486. A pesar de ello, el reglamento vigente en esencia mantiene las disposiciones del Reglamento Núm. 7486, aunque añade otras disposiciones.

Ahora bien, sin entrar a dirimir las distinciones entre ambos reglamentos, la Ley Núm. 213-1996 le otorga al NET la facultad de imponer —a las compañías de telecomunicaciones— cargos reglamentarios para sufragar sus gastos operacionales. 27 LPRA sec. 267j(a). Con la finalidad de lograr el cumplimiento de ese deber, la Ley Núm. 213-1996 le concede al NET la prerrogativa de requerir la información que estime necesaria para auscultar las cantidades de los cargos reglamentarios. 27 LPRA sec. 267f(b)(2). Asimismo, le concede al NET la autoridad para llevar a cabo inspecciones, investigaciones y auditorías. 27 LPRA sec. 267f(c). Además, la Ley Núm. 213-1996 expresamente dispone que las facultades del NET no se limitan a las enumeradas, sino que goza de todas aquellas facultades adicionales implícitas e incidentales que sean necesarias para desempeñar sus funciones. 27 LPRA sec. 267i. Más importante aún, establece que sus disposiciones deben ser interpretadas liberalmente para alcanzar sus propósitos. *Id.*

Ante este escenario legislativo, debemos tener presente que ni la intención del legislador ni las disposiciones precitadas resultan ambiguas, por lo que es nuestro deber remitirnos al texto

de la ley. Nótese que, expresamente, la *Ley Núm.* 213-1996 autoriza de forma expresa que el NET realice inspecciones, investigaciones, auditorías e incluso solicite "cualquier clase de información que sea necesaria para el adecuado cumplimiento de sus facultades". 27 LPRA sec. 267f(b)(2). Así pues, la agencia recurrida cuenta con amplia discreción —delegada por ley— para solicitar la información necesaria con el fin de calcular y corroborar los cargos reglamentarios de la forma más correcta y certera posible. La referida legislación, no limita la capacidad del NET para corroborar los cálculos sobre los cargos reglamentarios, ya que estos forman parte del erario y tienen un alto interés público.

Por tanto, concluimos que el NET no erró ni actuó *ultra vires* al imponer los requisitos solicitados en las resoluciones recurridas para auditar, inspeccionar e investigar lo relacionado al reclamo y utilización de un alegado crédito por sobrepago del cargo reglamentario correspondiente a los años 2021, 2022 y 2023. Es claro que para ello el NET tuvo la asistencia de los poderes otorgados tanto en su ley orgánica como del reglamento aplicable. Aun, cuando surge del expediente que se aplicó en ciertas instancias el Reglamento Núm. 9356 y en otras el Reglamento Núm. 7486, el NET tiene una facultad delegada por ley para requerir información para determinar los cargos reglamentarios y las compañías de telecomunicaciones, a su vez, tienen la obligación de someter la información que se le requiera. 27 LPRA sec. 267j(d). Esto es, indistintamente del reglamento que haya sido aplicado, no cambia la determinación recurrida. Es meritorio recordar que este Tribunal efectúa una revisión sobre la decisión impugnada y no contra sus fundamentos. *Ramos v. Hosp. Sub-Regional de Aguadilla*, 111 DPR 744, 750 (1981).

A modo alternativo, la recurrente sostiene que cumplió con los requerimientos del NET relacionados a su solicitud de

sobrepago del año 2021. Por lo cual, alega que el NET erró y abusó de su discreción al imponerle una multa.

Surge del expediente que, el NET le requirió información adicional a T-Mobile —desglosada en una lista de 8 requerimientos— para evaluar su solicitud de crédito por cargo reglamentario del año 2021. Véase, apéndice del recurso TA2025RA00195, anejo 7, pág. 2. Esto es, al recibir la referida solicitud de crédito por cargo reglamentario del año 2021, el NET concedió oportunidad a T-Mobile para proveer información adicional con el propósito de calcular y corroborar los cargos reglamentarios de la forma más correcta y certera posible.

Posteriormente, el NET determinó que T-Mobile no había cumplido con los requerimientos números 1, 5, 6, 7 y 8. En específico, determinó que:

> [...] sin que T-Mobile nos provea lo requerido identificado como requerimiento (1), que es la ***Certificación interestatal detallada con un desglose de los ingresos identificados como ingresos excluidos, acompañado de una opinión de la firma de auditores certificando que se auditó y evaluó la información de dicha certificación***, nos impide conceder dicho crédito y más aún que el NET desconoce si ese "error en la contabilidad" es un error que va más allá del año 2021, según la propia firma que realiza la auditoria de la Peticionaria, ya que contrasta con lo que indicaron sus auditores en la nota a los EFA 2021, que citamos.
> [...]
> Reiteramos, que dicho documento no cumple con lo solicitado, por tanto, no se estará aceptando. T-Mobile no cumplió con el requerimiento de información solicitado. La información que ofreció T-Mobile, fue preparada por un empleado, que no es Contador Público Autorizado y como es requerido tampoco auditó la información. T-Mobile falló en proveer otros requerimientos de información, como se puede apreciar en el tracto que se incluye en esta Orden, e igualmente impiden al NET evaluar su *Solicitud de Crédito Cargo Reglamentario 2021*.

Véase, apéndice del recurso TA2025RA00195, anejo 10, pág. 8.

Nótese que, indistintamente, el reglamento vigente y el derogado, requieren que las compañías de telecomunicaciones presenten los informes siguientes: (i) la declaración de ingresos trimestral, (ii) la declaración de ingreso anual y (iii), si aplica, los estados financieros auditados por un contador público autorizado.

Véase, Reglamento Núm. 7486, Regla 4; Reglamento Núm. 9359, Regla 7. De modo que al NET requerir una certificación de la firma de auditores que auditó sus estados financieros —con el propósito de asegurar que, en efecto, se realizó la correspondiente auditoría a cierta partida de ingresos de T-Mobile— actuó dentro del marco de sus facultades estatutarias. Además, explicamos en el acápite II de esta Sentencia, que la Ley Núm. 213-1996 concede al NET la facultad de imponer multas administrativas —hasta un máximo de $25,000.00— por violar o incumplir con sus disposiciones, reglamentos u órdenes. 27 LPRA sec. 267f(b)(1).

Luego de revisar el expediente, sobre este extremo, concluimos que T-Mobile incumplió con el requerimiento de información solicitado por el NET para evaluar adecuadamente su solicitud de crédito por cargo reglamentario del año 2021, toda vez que no entregó la referida certificación preparada por el contador público autorizado correspondiente. En consecuencia, el NET tenía la facultad de imponer una multa administrativa por su incumplimiento. Además, en vista de que el monto de la multa está dentro del límite razonable impuesto por ley, no tenemos criterio jurídico alguno para intervenir con la resolución recurrida. Por tanto, este Tribunal revisor determina que la conclusión del NET es correcta, razonable y no encontramos atisbo de que haya actuado de forma caprichosa, arbitraria o ilegal.

Así pues, aun cuando las conclusiones de derecho realizadas por una agencia administrativa sean revisables, le otorgamos deferencia a las conclusiones e interpretaciones de derecho formuladas por el NET en el caso de epígrafe.

### -IV-

Por los fundamentos previamente expuestos, se **confirman** las determinaciones recurridas.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones